# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAWRENCE RASNIC, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 17-2064-KHV-GEB |
| ) | |
| **FCA US LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant FCA US LLC's Motion for Entry of Protective Order (**ECF No. 43**) pursuant to Fed. R. Civ. P. 26(c). On January 31, 2018, the Court conducted a telephone conference to discuss the schedule for this case and clarify the issues presented in the briefs (ECF Nos. 43-45, 49). Plaintiffs appeared through counsel, Ryan C. Hudson and A. Scott Waddell. Defendant appeared through counsel, Sharon B. Rosenberg, Craig S. Laird, and Scottie S. Kleypas.

The parties conferred in good faith regarding the terms of a joint protective order and agreed to most terms. The parties agree that during the course of discovery it may be necessary to disclose certain confidential and proprietary information, the disclosure of which could, among other things, allow the parties' business competitors to gain a competitive advantage. The parties also assert that disclosure of information protected under state or federal law would harm the parties and warrants limiting disclosure, dissemination, and use of the information. For these and other reasons, the parties agree

they have a specific, serious, and substantial interest in protecting the proprietary information in the discovery materials exchanged in this matter. They further agree that items within these categories of information may be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. This protection of confidential information will assist in the discovery process and provide necessary protection for the confidential material.

The parties disagree, however, regarding two issues: 1) the return of documents produced under Protective Order at the conclusion of the case; and 2) whether a party who has inadvertently disclosed privileged information should be required to produce a privilege log to support its privilege claim. Each party proposes alternative language addressing these issues. Because Fed. R. Civ. P. 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required,"[1] the Court makes the findings below.

### 1.     Return of Documents at Conclusion of Case

The United States District Court for the District of Kansas has established "Guidelines for Agreed Protective Orders" and a form "Protective Order"[2] which include a provision requiring the return of confidential documents to the producing party after the conclusion of litigation. Defendant's proposed language is consistent with the Court

---

[1] *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06–2318–JWL–DJW, 2007 WL 756645, at *2 (D. Kan. Mar. 8, 2007) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984)).
[2] These guidelines are available at http://ksd.uscourts.gov/index.php/rules/.

form's standard language requiring return of confidential information.

However, because many of Plaintiffs' counsel practice in the state of Missouri, Plaintiffs seek to maintain any confidential information in counsel's files for six years post-litigation specifically to comply with Missouri Rule of Professional Conduct ("MRPC") 4-1.22.  MRPC 4-1.22 requires a lawyer to "securely store a client's file for six years after completion or termination of the representation."

Defendant disagrees with Plaintiffs' analysis of the Missouri ethics rules, referencing MRPC 4-1.16(d).  Defendant argue this rule permits an attorney to retain client files "only to the extent permitted by a protective order or other law."(Def.'s Reply, ECF No. 49, at 2.)  However, the Court does not find this argument particularly persuasive.  MRPC 4-1.16 deals specifically with declining or terminating representation, and only says the attorney may keep the file to the "extent permitted by other law."  Neither of the Missouri ethics rules cited by the parties mentions information produced pursuant to a protective order, and neither party produces binding authority interpreting the ethics rules in conjunction with confidentially-produced materials.

More persuasive than the Missouri ethics rules are two instructive authorities:  1) other orders from the District of Kansas, and 2) the apparent procedures in the Missouri federal courts.  First, "[t]he return of documents is a common practice in this district and in many other districts, as well."[3]  Judges in this district have dealt with similar issues,

---

[3] *Hilton v. Sedgwick Cty., Kan.*, No. 15-2021-JAR-KMH; 2015 WL 3904362, at *1 (D. Kan. June 25, 2015) (citing several other Protective Orders entered in the District of Kansas, by various judges, which included the provision allowing return of documents) (also citing the

and when exercising their discretion in the absence of authority requiring otherwise, Kansas courts generally defer to the district guidelines.[4]

Second, of particular note are the form Protective Orders used in the federal courts of Missouri. The form used by Senior Judge Ortrie D. Smith in the Western District of Missouri[5] contains the very same language included in the Kansas form order.[6] The sole difference between the Western District of Missouri form and the Kansas form is that the Missouri form includes a 60-day deadline for the documents' return, rather than leaving the date range blank for the parties to determine. Similarly, in the Eastern District of Missouri, the form protective order[7] includes the following language: "Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents."[8]

---

following orders from other jurisdictions: *Rohrbough v. Harris*, 549 F.3d 1313, 1329 (10th Cir. 2008) (discussing protective order requiring return of confidential information "promptly after the termination" of the action); *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119, at *2 (E.D. La. Aug. 16, 2007) (requiring return of confidential documents within 30 days of the conclusion of litigation); *A Major Difference, Inc. v. Wellspring Products, LLC*, 243 F.R.D. 415, 420 (D. Colo. 2006) (including a provision requiring return of confidential documents within 30 days of the completion of the action); *Gillard v. Boulder Valley Sch. Dist. Re.-2*, 196 F.R.D. 382, 389 (D. Colo. 2000) (reciting court's standard protective order, including a provision requiring return of confidential information to the producing party)).

[4] *See id.* (including internal citations).

[5] "[Agreed] Protective Order", available on the United States District Court, Western District of Missouri website at http://www.mow.uscourts.gov/district/sched_orders.

[6] *See id.*, at paragraph 12.

[7] "Appendix A: Form Protective Order", available on the United States District Court, Eastern District of Missouri website at http://www.moed.uscourts.gov/local-rules.

[8] *See id.*, at paragraph 13.

Given the general practice of the District of Kansas and related case authority, along with the similar use of the form language in both the Western and Eastern Districts of Missouri, it does not appear the form language proposed by Defendant runs afoul of the Missouri ethics rules. Therefore, the Court **GRANTS** Defendant's motion to the extent that the provision addressing return of confidential materials at the conclusion of litigation shall be included in the Protective Order.

### 2. Inadvertent Disclosures

The parties' second disagreement revolves around inadvertent disclosures. This Court's form protective order, paragraph 18, includes the following language:

> **18. Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product**. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within [___] days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

5

Defendant's proposed language follows the Court's form protective order, and includes a deadline of one day for the receiving party to return any inadvertently produced items to the producing party, after receiving notice from the producing party.

While Plaintiffs do not appear to take issue with the addition of the "one day" deadline, they seek to add the following provision requiring a privilege log by the producing party:

> The party that inadvertently produced the information or document shall, within five days of notifying the receiving party of the inadvertent production, produce an appropriately detailed privilege log from which the other parties and the Court may evaluate the applicability of the claim of privilege, or work product.

(Pls.' Resp., ECF No. 45, at 4-5.)  Plaintiffs provide no authority for their proposal, but argue the additional language "simply makes it clear that, as with all other claims of privilege for discovery materials, the withholding party should provide a privilege log to support its claim of privilege, thereby allowing the other parties and the Court to properly evaluate the privilege claim." (*Id*. at 5.)

Although the Court understands Plaintiffs' position, it agrees with Defendant that requiring a privilege log for an inadvertent production is unnecessary and potentially burdensome.  In the event a party inadvertently produces information, and the information is returned as required, the receiving/returning party has the option of seeking the production of the information through a formal request.  At that point, the party claiming privilege must produce a privilege log under Fed. R. Civ. P. 26(b)(5).  For that reason, it appears Plaintiffs are seeking something that is already covered by the

federal rules. Plaintiffs provide no authority to convince the Court to deviate from the Court's form Protective Order.

Therefore, the Court **GRANTS** Defendant's motion to the extent that Defendant's proposed clause regarding inadvertent disclosures, which follows the Court's form order, will be approved.

### 3. Other proposals

Defendant's form Protective Order includes a number of other suggested edits, but Plaintiffs did not address any other proposals aside from the two discussed above. Therefore, finding the remainder of Defendant's proposals unopposed, Plaintiffs have not convinced the Court to deviate from the protective order proposed by Defendant.

**IT IS THEREFORE ORDERED** that for good cause shown under Fed. R. Civ. P. 26(c), the Court **GRANTS** Defendant's motion for protective order (**ECF No. 43**) as set forth above. The Court will enter a separate Protective Order consistent with the rulings herein.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of February 2018.

                                                  s/ Gwynne E. Birzer
                                                  GWYNNE E. BIRZER
                                                  United States Magistrate Judge