# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAWRENCE RASNIC AND REBECA LOPEZ-RASNIC, | |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 17-2064-KHV |
| FCA US LLC, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion For An Award Of Costs And Attorneys Fees (Doc. #95) filed December 28, 2018.[1] Plaintiffs' request $45,000.00 in attorney's fees and $1,349.21 in costs and litigation expenses.[2] See Plaintiffs' Memorandum In Support Of An Award Of Costs And Attorneys Fees (Doc. #96) filed December 28, 2018 at 21. For reasons stated below, the Court overrules plaintiffs' motion as untimely.

## Background

On January 12, 2017, Lawrence Rasnic and Rebeca Lopez-Rasnic filed a complaint in state

---

[1] In response to plaintiffs' motion, defendant requests an offset against any fees awarded to plaintiffs. See FCA US LLC's Opposition To Plaintiffs' Motion For Award Of Costs And Attorneys' Fees And Alternative Cross-Motion For Setoff (Doc. #98) filed January 11, 2019 at 26. Because the Court finds that plaintiffs' motion is untimely, defendant's cross-motion is moot.

[2] Plaintiffs initially requested $50,000.00 in fees and $1,349.21 in costs and litigation expenses. See Plaintiffs' Memorandum (Doc. #96) at 21. In reply to defendant's opposition, however, plaintiffs' counsel "further reduces their request for attorneys' fees and expenses in the amount of $5,000.00 to address the specific time entries Defendant complains about." Plaintiffs' Reply To FCA US LLC's Opposition To Plaintiffs' Motion For Award Of Costs And Attorneys' Fees And Opposition To FCA US LLC's Cross-Motion For Setoff (Doc. #100) filed January 18, 2019 at 4.

court against FCA US LLC, alleging a nationwide class action. See Notice Of Removal (Doc. #1) filed February 2, 2017 at 1. On February 2, 2017, defendant removed the case to this Court. Id. On September 17, 2018, defendant notified the Court that plaintiffs intended to pursue only their individual claims. See FCA US LLC's Notice Of Substantive Change In Case And Motion To Dismiss Class Allegations And For A New Scheduling Order (Doc. #89) at 1. On September 18, 2018, defendant tendered an offer of judgment to plaintiffs. See Plaintiffs' Acceptance of Defendant's Offer Of Judgment (Doc. #92) filed October 2, 2018. On October 2, 2018, plaintiffs informed the Court that they accepted an offer from defendant in which they would receive "payment of Five Thousand Dollars ($5,000) without a return of the vehicle; plus taxable costs accrued as of the date of this offer of judgment and a reasonable attorneys' fee as agreed to by the parties; or in the absence of an agreement, determined by the Court." Id. at 1. On November 5, 2018, the Clerk of the Court entered judgment in accordance with the parties' agreement. See Judgment In A Civil Case (Doc. #94). On December 28, 2018, plaintiffs filed Plaintiffs' Motion For An Award Of Costs And Attorneys Fees (Doc. #95) and a Statement Of Consultation And Declaration Pursuant To Local Rule 54.2(a) (Doc. #97).

**Legal Standards**

Under Fed. R. Civ. P. 54(d)(2)(A), a prevailing party may obtain statutory attorney's fees and related nontaxable expenses by filing a motion with the court. This motion must be filed no later than 14 days after the entry of judgment, "unless a statute or a court order provides otherwise." Fed. R. Civ. P. 54(d)(2)(B). Rule 54(d)(2)(D), Fed. R. Civ. P., allows the court to establish by local rule special procedures regarding attorney's fees.[3] In the District of Kansas,

---

[3] Rule 54(d)(2)(D) states as follows:

(continued…)

D. Kan. Rule 54.2 sets out the local requirements for "[a] party who moves for statutory attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2)." D. Kan. Rule 54.2(a). Where the parties cannot agree on a fee award, within 30 days of filing the fee motion, the moving party must file a statement that he or she consulted with the opposing party and a memorandum which sets forth the factual basis for each factor that the court considers when determining a fee award. By its plain language, D. Kan. Rule 54.2 applies only when a party has filed a motion under Fed. R. Civ. P. 54. See Layne Christensen Co. v. Bro-Tech Corp., 871 F. Supp.2d 1104, 1124 (D. Kan. 2012) (D. Kan. Rule 54.2 provides for statutory attorney's fee motion, then promptly-initiated consultation with opposing party, then filing of memorandum with factual basis for motion).

In addition to attorney's fees and related nontaxable expenses, the prevailing party may recover costs under Fed. R. Civ. P. 54(d)(1), unless a federal statute, Federal Rule of Civil Procedure or court order directs otherwise. The court has discretion whether to allow or disallow costs to a prevailing party. Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013); Zeran v. Diamond Broadcasting, Inc., 203 F.3d 714, 722 (10th Cir. 2000) (citing Homestake Mining Co. v. Mid-Continent Exploration Co., 282 F.2d 787, 804 (10th Cir. 1960)). Under Fed. R. App. P. 4(a)(1)(A), a party has 30 days after entry of judgment to file a notice of appeal and under D. Kan. Rule 54.1(a)(1)(A), the party entitled to recover costs must file a bill of costs

---

(Continued…)

> By local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings. Also, the court may refer issues concerning the value of services to a special master under Rule 53 without regard to the limitations of Rule 53(a)(1), and may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.

Fed. R. Civ. P. 54(d)(2)(D).

-3-

with the Clerk within 30 days after the time for appeal expires.

## Analysis

On November 5, 2018, the Clerk of the Court entered judgment. Judgment In A Civil Case (Doc. #94). Thus, pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), the deadline for plaintiffs to file a motion for attorney's fees was November 19, 2018, i.e. 14 days after entry of judgment. Plaintiffs did not file their motion for attorney's fees until December 28, 2018, i.e. 53 days after entry of judgment, and did not request an extension of time.[4] Thus, plaintiffs' motion for attorney's fees is untimely.

Plaintiffs assert that they timely filed their motion because "the judgment of this court arguably set aside the 14-day requirement, instead mandating that the parties attempt to negotiate 'a reasonable attorney's fee.'" Plaintiffs' Reply To FCA US LLC's Opposition To Plaintiffs' Motion For Award Of Costs And Attorneys' Fees And Opposition To FCA US LLC's Cross-Motion For Setoff (Doc. #100) filed January 18, 2019 at 1. Plaintiffs also assert that Fed. R. Civ. P. 54(d)(2)(D) "expressly defers to local rules" and that the consult and confer requirement of D. Kan. Rule 54.2 "supplants" the 14-day deadline of Fed. R. Civ. P. 54(d)(2)(B)(i). Id. at 2. The Court addresses plaintiffs' arguments in turn.

**I.    Clerk's Entry Of Judgment Did Not Set Aside 14-Day Deadline**

As noted, pursuant to plaintiffs' acceptance of defendant's offer, on November 5, 2018, the

---

[4] Rule 6(b)(1), Fed. R. Civ. P., allows the Court to extend the deadline for filling a motion for attorney's fees for "good cause" if a party requests an extension before the original deadline. See Utah Republican Party v. Herbert, 678 F. App'x 697, 699 (10th Cir. 2017). If a party requests an extension after the original deadline, the Court may grant an extension only upon a showing of "excusable neglect." Id. at 700. Because plaintiffs do not raise this issue and did not request an extension, the Court need not address whether to extend the deadline under this provision.

Clerk entered judgment in this case stating that "judgment is entered in favor of plaintiffs in the amount of $5,000.00, plus taxable costs accrued as of September 18, 2018 and a reasonable attorneys' fee as agreed to by the parties; or absent an agreement, determined by the Court." Judgment In A Civil Case (Doc. #94). Plaintiffs assert that the Clerk's entry of judgment "arguably" relieved them from the 14-day deadline set forth in Fed. R. Civ. P. 54. Plaintiffs' Reply (Doc. #100) at 1. Plaintiffs' argument lacks merit. The Clerk's general statement that the parties should attempt to negotiate a reasonable fee did not sub silencio relieve them of their obligation to comply with a Federal Rule.[5]

## II.     D. Kan. Rule 54.2 Does Not Supplant Fed. R. Civ. P. 54

Plaintiffs assert that Fed. R. Civ. P. 54(d)(2)(D), "expressly defers to local rules" and that the consult and confer requirement of D. Kan. Rule 54.2 "supplants" the 14-day deadline of

---

[5] To the extent plaintiffs may have questioned whether the Court expected them to comply with Fed. R. Civ. P. 54, D. Kan. Rule 77.2(a) lists the instances in which the Clerk may enter an order or judgment without court direction. Specifically, it states as follows:

> (a) Orders and Judgments. The clerk may grant the following orders and judgments without direction by the court:
> (1) Orders specially appointing a person to serve process under Fed. R. Civ. P. 4(c);
> (2) Orders extending once for 14 days the time within which to answer, reply, or otherwise plead to a complaint, crossclaim, or counterclaim if the time originally prescribed to plead has not expired;
> (3) Orders for the payment of money on consent of all parties interested therein;
> (4) Consent orders for the substitution of attorneys;
> (5) Consent orders dismissing an action, except in cases governed by Fed. R. Civ. P. 23 or 66; and
> (6) Entry of default and judgment by default as provided for in Fed. R. Civ. P. 55(a) and 55(b)(1).

D. Kan. Rule 77.2(a). Setting aside the deadline for filing a fee motion is not within the Clerk's limited authority to enter an order or judgment. See id.

Fed. R. Civ. P. 54. Plaintiff's Reply (Doc. #100) at 2. Plaintiffs cite no Tenth Circuit authority for this proposition. The sole case which plaintiffs cite is Crue v. Aiken, 370 F.3d 668, 680-81 (7th Cir. 2004), in which the Seventh Circuit recognized that local rules may modify the requirements of Fed. R. Civ. P. 54 and that the local rules of the Central District of Illinois extended the deadline for filing attorney's fee petitions to 30 days after entry of judgment. The Seventh Circuit held that the district court did not abuse its discretion by accepting a one-day late fee petition due to excusable neglect. Crue, 370 F.3d at 680-81. While a court by local rule may modify the 14-day deadline of Fed. R. Civ. P. 54, the District of Kansas has not done so. See, e.g., Shophar v. Bureau of Alcohol, No. 16-4034-SAC-KGS, 2016 WL 3951748, at *5 (D. Kan. July 22, 2016) (embracing 14-day deadline); Evolution, Inc. v. Suntrust Bank, No. 01-2409-CM, 2005 WL 1936019, at *1 (D. Kan. Aug. 8, 2005) (because defendants waited 30 days after entry of judgment before filing motion, motion untimely under Fed. R. Civ. P. 54(d)(2)(B)); Johnson v. Dayco Prod., Inc., 178 F.R.D. 571, 574 (D. Kan. 1998) (no clear error in overruling fee motion filed outside of 14-day deadline of Fed. R. Civ. P. 54). Indeed, by its plain language, D. Kan. Rule 54.2 applies only to parties who have moved for attorney's fees under Fed. R. Civ. P. 54(d)(2). See D. Kan. Rule 54.2(a).

### III. Plaintiffs Should File A Bill Of Costs With The Clerk Under D. Kan. Rule 54.1(a)

Neither party separately addresses whether plaintiffs are entitled to taxable costs under Fed. R. Civ. P. 54(d)(1).[6] Pursuant to D. Kan. Rule 54.1(a), the deadline for plaintiffs to file a

---

[6] Both parties repeatedly refer to plaintiffs' fees, costs and expenses, but do not clearly indicate whether they are referring to costs under Fed. R. Civ. P. 54(d)(1) or "related nontaxable expenses" under Fed. R. Civ. P. 54(d)(2)(A). To the extent plaintiffs request recovery of "related nontaxable expenses," such request, like for attorney's fees, is untimely. See Fed. R. Civ. P. 54(d)(2)(A).

bill of costs with the Clerk was January 4, 2019, i.e. 30 days after expiration of time for filing notice of appeal under Fed. R. App. P. 4(a)(1)(A). Although they failed to comply with the procedure for filing a bill of costs under D. Kan. Rule 54.1, plaintiffs' motion for costs is timely. Accordingly, the Court construes plaintiffs' motion for costs as an incorrectly filed bill of costs and allows plaintiffs 14 days from the date of this Order to file with the Clerk a bill of costs on the proper form. See D. Kan. Rule 54.1(a)(1).

The Court therefore overrules as untimely plaintiffs' motion for attorney's fees and grants plaintiffs leave to amend their motion for costs in accordance with D. Kan. Rule 54.1.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion For An Award Of Costs And Attorneys Fees (Doc. #95) filed December 28, 2018 is **OVERRULED**.

**IT IS FURTHER ORDERED THAT** on or before **February 19, 2019**, plaintiffs may file a bill of costs with the Clerk in accordance with D. Kan. Rule 54.1(a)(1).

Dated this 5th day of February, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
